ERNESTO ANDINO ET AL., Plaintiffs and Respondents, *v.* FAJARDO SUGAR COMPANY, Defendant and Petitioner.

No. 246.

ALBERTO BACHMAN, Plaintiff and Appellee, *v.* MANUEL MARTINÓ RUIDÍAZ, Defendant and Appellant

No. 12852.

Resubmitted February 6, 1961.—Decided February 24, 1961.

---

[10] Cf. *Rodríguez* v. *District Court*, 65 P.R.R. 576 (1946); *Sierra* v. *Long Construction Co.*, 76 P.R.R. 391, 394.

82

Sifre, Ruiz-Suria & Sifre and Baltasar Corrada for petitioner in case 246. Vicente Géigel Poланco and Vicente Géigel Lanuza for respondents in said case. Amancio Arias Cestero for appellant in case 12852. Jorge Benítez Gautier for appellee in said case.

Mr. JUSTICE BLANCO LUGO delivered the opinion of the Court.

(A) On October 29, 1959, the Superior Court, San Juan Part, entered a judgment in an action for wages filed by Ernesto Andino et al., before said court and prosecuted under

the provisions of Act No. 10 of 1917 (Spec. Sess. Laws, p. 216). The defendant, Fajardo Sugar Co., brought a petition for review before the Supreme Court twenty-nine days after copy of the notice to the parties was filed in the record. The respondents move for the dismissal of the petition for review on the ground that since the judgment in question was rendered by the Superior Court in an action instituted under the special law regarding claims for wages, the proper remedy was the appeal provided in § 1 thereof. which should be taken within five days.[1]

(B) On October 31, 1960, the Superior Court, San Juan Part, rendered a judgment in an action of unlawful detainer filed by Alberto Bachman against Manuel Martinó Ruidíaz. Copy of the notice of the judgment was filed on November 10 in the record. Martinó filed a notice of appeal and posted the undertaking required by law the following November 21. The plaintiff-appellee moves for the dismissal of the appeal because it was taken after five days had elapsed from the notification of the judgment.

Therefore, we must decide which has been the effect, as to the appellate procedure, of Act No. 115 of June 26, 1958 (Spec. Sess. Laws, p. 279, 4 L.P.R.A. § 37), which amended § 14 of the Judiciary Act of 1952, concerning the laws providing for the special proceedings in claims for services rendered and for unlawful detainer.[1a] We must first, however, refer briefly to the legislative history of the pertinent provisions of said proceedings.

(a) CLAIMS FOR SERVICES RENDERED:

When Act No. 10 of 1917, supra, was approved, it only covered claims for farm wages. It established a simple,

---

[1] The appropriate part of § 1 of Act No. 10 of 1917, as amended, reads as follows:

"Against judgments entered by district courts [now Superior Court] in cases of original jurisdiction, appeals may be filed with the Supreme Court within 5 days following notification of the judgment."

[1a] Although these appeals have not been consolidated, we have considered them jointly for the purposes of deciding them since they involve germane issues.

prompt and economic proceeding before the former municipal court to adjust wage controversies between workmen and employers. (*Jaume* v. *District Court*, 61 P.R.R. 163 (1942).) By virtue of Act No. 12 of July 2, 1923 (Spec. Sess. Laws, p. 36), it was extended to all kinds of claims for wages. Originally it granted a right of appeal within two days after the rendition of judgment and it was limited to only one appeal in cases of claims for farm wages. It was not until 1935, by the enactment of Act No. 40 of April 17 (Sess. Laws, p. 238), that the term of appeal was extended to five days and it was provided that said term would be computed after notification of judgment. Finally, in 1945 (Act No. 17 of April 11, p. 44), concurrent jurisdiction was granted to the former district courts (now Superior Court) to take cognizance of these claims and it was provided that an appeal could be taken to the Supreme Court from the judgments rendered within a term of 5 days after notification thereof.[2]

At present, Act No. 10 of 1917, *supra*, contains the following provisions (§ 1) regarding the consideration by the Supreme Court of the judgments rendered by the Superior Court in cases originating therein:[3] (*a*) an appeal may be taken before the Supreme Court; (*b*) within five days after notice is given of the sentence; (*c*) the original record and the transcript of the evidence shall be transmitted for the

[2] An express provision was also incorporated to the effect that the judgments rendered by the present Superior Court in appeals from the District Court could be reviewed by the Supreme Court by certiorari proceedings in those cases in which such judgments are not appealable to the said court. This includes the cases of claims for farm wages in which only one appeal is allowed and the cases originating in the District Courts when the amount involved does not exceed $300. *Ayala* v. *Martell*, 65 P.R.R. 106 (1945); *Collazo* v. *District Court*, 61 P.R.R. 282 (1943).

[3] In *Hull Dobbs Company of Puerto Rico* v. *Superior Court, ante*, p. 73 (opinion delivered on February 14, 1961), we decided that the proper proceeding to bring to our consideration the judgments rendered by the Superior Court in actions for wages originating in the District Court is the writ of special certiorari referred to in Rule 15.1(a) of our Rules.

purposes of the appeal, and (d) following the same procedure fixed in said Act for appeals taken from district courts to superior courts.

(b) UNLAWFUL DETAINER:

The provisions of the Unlawful Detainer Act which refer to appeals have not been amended since the date of their approval: (a) not more than one appeal shall be allowed; (b) which shall be taken within 5 days after notice of the judgment is served to the parties; and (c) in order that the appeal be admitted in actions for nonpayment, it is necessary to deposit or to post a bond for the accrued rentals and for such rentals as they become due; or to execute an undertaking to answer to the plaintiff for damages and for the costs of the appeal. The special law provides specifically that: "The appeals shall be heard and determined in accordance with the Code of Civil Procedure." (Section 633 of the Code of Civil Procedure, 32 L.P.R.A. § 2834.)

When Act No. 10 of 1917 was approved, the appeals to the Supreme Court from the judgments rendered by the former district courts (now Superior Court) in civil suits were governed by Part IX of Subtitle 2 of the Code of Civil Procedure (§§ 295 to 306, 32 L.P.R.A. §§ 1281 to 1293) and the appeal to the district courts from judgments rendered by the municipal court (now District Court) was governed by the Act of March 11, 1908 (Sess. Laws, p. 168). On different occasions, we have relied on these provisions of the Code of Civil Procedure and of the Act mentioned above to decide issues regarding the requirements of the appellate procedure in claims for wages and unlawful detainer proceedings. In *Vando* v. *Municipal Court*, 65 P.R.R. 6 (1945) and *Asociación Cooperativa* v. *Navarro*, 70 P.R.R. 886 (1950), we held that in the absence of any specific provision in the Unlawful Detainer Act, the notice of judgment is governed by § 2 of the Act of March 11, 1908. In *Fog* v. *District Court*, 65 P.R.R. 150 (1945) followed by *Sosa* v.

*District Court,* 70 P.R.R. 59 (1949) and *Pabón* v. *District Court,* 65 P.R.R. 842 (1946), we decided that said Act was likewise applicable to appeals in special proceedings in claims for wages and that the term for appeal begins to run when the clerk files a copy of the notice of judgment with the record of the case. In *Ayala* v. *Martell,* 65 P.R.R. 106 (1945), we applied § 295 of the Code of Civil Procedure to determine by reason of the amount involved, the claims for wages brought before the former municipal courts that could be taken to the Supreme Court on appeal. The rule regarding the interruption of the term of appeal by a motion for reconsideration and its setting for a hearing as well as the manner to compute the term for appeal has been applied in actions of unlawful detainer. *Ramos* v. *Avilés,* 58 P.R.R. 727 (1941); *Fabián* v. *Rodríguez,* 53 P.R.R. 427 (1938). In *Angleró* v. *Trigo,* 48 P.R.R. 187 (1935), the dismissal of an appeal in an action for wages was requested on the ground that the notice of the appeal was served on the party and not on the counsel. After citing § 8 of Act No. 10 of 1917, which refers to appeals, this Court stated: "It establishes nothing more and it seems natural that recourse should be had to the general provisions of the Code of Civil Procedure in order to regulate the form in which service is to be made. Applying those provisions it appears indeed that service was not made in accordance with the law."

We have no doubt that when the Legislature granted a right to appeal to the Supreme Court from the judgments rendered by the Superior Court in actions for wages and unlawful detainer proceedings, it had in mind the appellate proceeding established by the Code of Civil Procedure. And in actions of unlawful detainer it specifically required that: "The appeals shall be heard and determined in accordance with the Code of Civil Procedure." (Unlawful Detainer Act, § 14, 32 L.P.R.A. § 2834.) In *Jiménez* v. *District Court,* 65 P.R.R. 35 (1945), we held that in prohibiting in Act

No. 10 of 1917, *supra*, any award for costs, the legislator used this word, as it was then understood, to include attorney's fees, and we held that no attorney's fees could be awarded in actions for wages.[4]

In 1950,[5] a provision was added to Act No. 10 of 1917, *supra*, to the effect that: "In all cases prosecuted under this Act the Rules of Civil Procedure shall be applied insofar as they are not in conflict with the specific provisions hereof." [6] Since the proceeding to regulate appeals was not provided for in the Rules of Civil Procedure of 1943,[7] this amendment does not alter the situation discussed above. The problem actually arises from the approval of Act No. 115 of June

---

[4] By virtue of Act No. 17 of April 11, 1945 (Sess. Laws, p. 44), a provision was added to the special law regarding claims for wages whereby the attorney's fees shall be assessed against the defendant in all cases where judgment is rendered in favor of the plaintiff.

[5] Act No. 150 of May 1, 1950 (Sess. Laws, p. 406).

[6] The following specific provisions of Act No. 10 of 1917, *supra*, may be enumerated, among others, as being different from the Rules of Civil Procedure and from the provisions of the Code of Civil Procedure which are now in effect: (*a*) regarding the designation of the court having jurisdiction, it departs from the general rule that personal actions shall be tried in the district in which the defendant resides (§ 81 of the Code of Civil Procedure, 32 L.P.R.A. § 407) and it provides that the complaint may be filed in the district in which the worker resides or in that district in which the services were rendered; (*b*) it empowers a married woman to sue without the requirement that her husband accompany her in the action (see Rule 17(*d*) and former § 54 of the Code of Civil Procedure, 32 L.P.R.A. § 304); *cf. Valiente & Cía.* v. *District Court*, 68 P.R.R. 491 (1948); (*c*) it requires that the motion for extension to plead be accompanied by affidavit (see Rule 9); (*d*) it allows for a special summons to be served on the person who in any manner represents the defendant in the farm, establishment or place where the work originating the claims was performed (see Rule 4); (*e*) it fixes a term of 15 days after the publication of the last summons within which the defendants residing out of the Commonwealth may appear in court; (*f*) it forbids the filing of compulsory counterclaims (see Rule 11.1); (*g*) it provides that the judgments rendered by default or because of the failure to appear for trial shall be unappealable; (*h*) it provides for the compulsory assessment of attorney's fees against the defendant in all cases where a judgment is rendered against him, irrespective of whether he is guilty of obstinacy or not. *Feliciano* v. *Puerto Rican Express Co.*, 67 P.R.R. 351 (1947).

[7] *Collazo* v. *Puig & Abraham*, 70 P.R.R. 789 (1950); *Hernández* v. *Municipal Court*, 69 P.R.R. 827 (1949).

26, 1958, *supra*, and of Act No. 120 of the same date (Spec. Sess. Laws, p. 286) by virtue of which Rules 52, 53 and 54 were incorporated.

It may be affirmed, in general terms, that the most important procedural reform of Act No. 115 of 1958, *supra*, was to eliminate the absolute right to appeal from the judgments rendered by the Superior Court in civil cases brought before said court, except those involving a *substantial* constitutional question, and to rely on the discretion of the Supreme Court for the determination, by the issuance of a writ of review, of the judgments from the Superior Court, which shall be brought to its consideration. In the report from the Committee of the Judiciary of the House of Representatives regarding the afore-mentioned acts, it was stated that "The Committee recommends, in this sense, that the appellate jurisdiction of the Supreme Court be changed, with certain exceptions, from mandatory to discretional." (Journal of Proceedings, Vol. X, p. 1560.) The purpose of this amendment was to avoid the delay then existing in the appellate procedure and to achieve a prompt disposal of frivolous appeals or of those lacking merits. In other words, the legislative intent was to guarantee *a speedy procedure*. But nevertheless, the term "appeal" used in the special laws mentioned above, cannot have a wider meaning than to indicate a procedure for reviewing the judgments of a lower court by a superior court. When the special statute does not fix a proceeding in detail, as in the cases at bar, we must conclude that it refers to the appellate procedure that the same legislator has established for ordinary civil actions. The mandatory appeal having disappeared, except in exceptional cases, we conclude that insofar as the judgments rendered by the Superior Court in actions for wages and unlawful detainer are concerned, the appropriate proceeding to bring them to the consideration of the Supreme Court is the one provided in Act No. 115 of 1958, *supra*, that is, the dis-

cretional review, unless a substantial constitutional question is involved, in which case the remedy of appeal may be invoked.[8]

 Having disposed of this first question regarding the appropriate proceeding, we must now consider the term within which said petition for review or appeal in cases involving substantial constitutional questions should be taken. The legislative intent is the principal factor to find the solution. As we have stated above, the legislative purpose in claims for wages and unlawful detainer proceedings was to impart a greater speed because of their special character. To achieve this, it reduced the term to appeal from thirty to five days and it authorized that the original record of the case be sent to the appellate court. That same purpose is achieved by the review proceeding, since the discretion exercised by this Court to that effect allows for the prompt disposal of frivolous and untenable appeals. The term of five days met the legislative purpose of accelerating the disposal of the claims for wages since it was a mandatory appeal according to which the mere filing of the notice of appeal was sufficient to stay the execution of the judgment. But once the mandatory character of the appeal disappears, the term of five days loses its special significance. As a matter of fact, the reduction of twenty-five days in the term is not such an effective measure to expedite the proceeding as is the discretionary power to issue the writ which depends upon the grounds set forth in the petition. On the other hand, if

---

[8] This interpretation of the term "appeal" includes, among others, without intending to cover them all, the following cases: appeal in tax cases (13 L.P.R.A. § 289); order of approval of partitions (32 L.P.R.A. § 2625); orders in cases of adoption, waiver of *patria potestas* and of transfer of custody (32 L.P.R.A. § 2698); orders in judicial authorization proceedings regarding property of minors (32 L.P.R.A. § 2732); orders in cases of partial or total desistance from taking in condemnation proceedings (32 L.P.R.A. § 2910); writs of quo warranto (32 L.P.R.A. § 3397). Regarding judgments in actions for temporary maintenance, see *Pirazzi* v. *Vecchini*, 48 P.R.R. 688 (1935) and *Hornes* v. *Giusti*, 48 P.R.R. 249 (1935), where we held that the term for taking an appeal is of thirty days and not of five days as the one provided for in unlawful detainer proceedings.

the term of five days for filing the petition for review is upheld, we would probably be imposing too severe a solution, and this could not have been the legislative intent. We decide, therefore, that in actions for wages and unlawful detainer proceedings originating in the Superior Court, the petition for review or appeal, as the case may be, shall be brought within a term of thirty days. At first blush this interpretation may seem a mere judicial *fiat*, but if we consider that within the process of hermeneutics we have the obligation to reconcile as far as possible all the legal provisions involved with a view to obtaining a sensible, logical and reasonable result [9] which will express the legislative intent, this impression will vanish. To this effect the courts frequently depart from a strict or literal interpretation which may lead to an undesirable result. And this intent, which is none other than to provide for a speedy procedure in these special proceedings, is totally achieved by the solution we have reached. It should be considered besides, that the lawmaker's main concern is to attain a *uniform* proceeding in civil cases. The procedural legislation in Puerto Rico has pursued not only the integration of the courts in terms of venue, but also uniformity in the procedure, to secure thereby "the just, speedy, and inexpensive determination of every action." (Rule 1 of the Rules of Civil Procedure.)

In *Secretary of Labor* v. *Superior Court*, 75 P.R.R. 792 (1954), we held that the term within which to appeal from the former Municipal Court (now the District Court) to the District Court (now Superior Court) in actions for wages is the term of five days provided for by the special law regarding this matter, and not the term provided for by the Rules governing the appeals from the District Court to the Superior Court, which at the present time is of thirty days.

---

[9] *García Commercial* v. *Secretary of the Treasury*, 80 P.R.R. 739 (1958); *Colonos de Santa Juana* v. *Sugar Board*, 77 P.R.R. 371 (1954); *Lozada* v. *Antonio Roig, Sucrs.*, 73 P.R.R. 255 (1952); *People* v. *Beltrán*, 73 P.R.R. 466 (1952).

But this case may be clearly distinguished from the situation which we considered above, because in the case at bar the appeal in question is from the Superior to the Supreme Court, and besides, in the proceeding from the District Court to the Superior Court the remedy available was the appeal of a mandatory character rather than the discretionary appeal. Therefore, it is unnecessary that we modify the doctrine established in the *Sierra* case.

█ We wish to make clear that since the requirement for a deposit or bond provided in the Unlawful Detainer Act is of a jurisdictional character,[10] it remains unchanged, except that the term for its execution or filing before the Superior Court is extended to thirty days in cases of appeals taken before this Court from judgments rendered by the Superior Court.[11]

Once the circumstances of each case are considered [12] and in order to adequately protect the rights of the litigants, cf. *Araújo* v. *Tax Court*, 67 P.R.R. 821 (1947), we shall timely provide for the appeals taken in actions for wages and unlawful detainer in which the proceeding indicated in this opinion was not followed.

In view of the reasons set forth above (*a*) the motion to set aside petition for review No. 246 filed by plaintiffs-respondents is dismissed, and (*b*) the motion to dismiss appeal No. 12852 is granted.

---

[10] *González* v. *López*, 69 P.R.R. 881 (1949); *López* v. *District Court*, 68 P.R.R. 291 (1948); *Hernández* v. *Cruz*, 48 P.R.R. 509 (1935). *Cf.* Act No. 9 of October 8, 1954 (Spec. Sess. Laws, p. 122, 13 L.P.R.A. § 816) and § 272(b)(2) and (b)(3) of Act No. 91 of June 29, 1954 (Sess. Laws, p. 474, 13 L.P.R.A. § 3272).

[11] *Cf. Blanes* v. *Valldejuli*, 73 P.R.R. 2 (1952); *Vivas* v. *Petrilli*, 66 P.R.R. 617 (1946); *Cordero* v. *District Court*, 59 P.R.R. 819 (1942); *Fabián* v. *Rodríguez*, 53 P.R.R. 427 (1938); *Suau* v. *Pol*, 51 P.R.R. 431 (1937).

[12] We refer to those cases in which (*a*) the notice of appeal was filed, without setting forth the grounds therefor, within five days after notice of the judgment was filed; and (*b*) the notice of appeal was filed, setting forth the grounds therefor, five days after the filing of the notice of the judgment, but within thirty days after said filing.